996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kevin GANS, Plaintiff-Appellant,
v.
Gary L. HENMAN, Warden; John Rowe, New Warden; L. Conners,
Associate Warden; B.F. Thomas, Lieutenant Sis;
R.E. Bright, Lieutenant; J. Kelch, Shu
Unit Manager, Defendants-Appellees.
 No. 92-3447.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Gans, a state inmate previously confined in federal prison in Leavenworth, Kansas, and pro se litigant, appeals the dismissal of his Bivens action against prison officials. We grant permission to proceed in forma pauperis.
 
 
 3
 The facts underlying Mr. Gans' action are somewhat complicated. An altercation between prison inmates of rival gangs from Pennsylvania and Washington D.C. occurred at the federal prison in Leavenworth. Mr. Gans was in disciplinary confinement at the time of the incident but may have had some involvement. Upon termination of the period of disciplinary confinement Mr. Gans was briefly returned to the general prison population on July 3, 1990. Later that same day, however, Mr. Gans was again removed from the general prison population and placed in a special housing unit on administrative detention. Mr. Gans thereafter remained in administrative detention for approximately eight months until he was returned to the state penitentiary system on March 19, 1991.
 
 
 4
 Mr. Gans' principal claim concerns this eight-month period of administrative detention. Mr. Gans claims he was denied a hearing following his transfer to the special housing unit on administrative detention as required by 28 C.F.R. § 541.23(b) (1992). This claim, however, lacks merit as Mr. Gans was in administrative detention pending transfer to the state penitentiary system and therefore the hearing requirement cited by Mr. Gans was not applicable. See 28 C.F.R. § 541.22(c)(1) and (2) (1992). Although Mr. Gans points to some documents in the record indicating that he was held in involuntary administrative detention for purposes of his personal protection, the district court was not in error in finding that Mr. Gans was ultimately placed in detention pending transfer. Moreover, Mr. Gans is not correct that "[e]ven if the defendants/appellees decided to keep plaintiff/appellant detained [till] he was transported back to the State Correctional Inst., plaintiff should have been inform[ed] by staff through a hearing that he would be detain[ed] in Segregation [Housing] Unit [till] his Return." The regulations provide that in the case of an administrative detention pending transfer "[t]he Warden shall designate appropriate staff to meet weekly with an inmate in administrative detention when this placement is a direct result of the inmate's holdover status." 28 C.F.R. § 541.22(c)(2) (1992). Mr. Gans makes no claim that this requirement was not complied with and in any case the record amply reflects that Mr. Gans was notified of the reason for his detention. Accordingly, his claim that the alleged violations of the regulations denied him his rights under the First, Eighth, and Fourteenth Amendments lacks merit.
 
 
 5
 Mr. Gans' second contention is that: "[p]laintiff should have been granted relief on ground to have his name remove[d] or withdrawn from the records once staff at USP LVN. and the Ct. realize plaintiff/appellant wasn't the actor or participant in the June 20th 1990 riot." The district court held that Mr. Gans' claims for injunctive relief were moot since he had been transfered to state custody in Pennsylvania. This decision was not in error.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3